■ In the Matter of SHAWN P., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Gage, J.), dated July 15, 1986, which, upon a fact-finding order of the Family Court, Nassau County (Feiden, J.), dated February 28, 1986, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of petit larceny, adjudged him to be a juvenile delinquent and placed him on probation for a term of one year. The appeal brings up for review the fact-finding order dated February 28, 1986.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court, Nassau County, found that the evidence adduced at a fact-finding hearing proved beyond a reasonable doubt that the appellant committed an act which, if done by an adult, would have constituted the crime of petit larceny. Upon our independent review of the evidence presented in this case, there is no reason to disturb the findings of the trier

of fact, since only he had the opportunity to observe the demeanor of the witnesses and assess their credibility *(see, Matter of Dennis N.,* 110 AD2d 703).

The appellant's contention that his ability to re-cross-examine the complainant was stifled by the Judge in the Family Court, Nassau County, is without merit. Although several warnings were issued, at no time during the re-cross-examination were the appellant's questions limited or prohibited as exceeding the bounds of the redirect examination.

Since the issue was not preserved, the appellant cannot now assert that he was deprived of his right to cross-examine his corespondent. In any event, the testimony of the corespondent was consistent with that of the appellant. Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.